IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**TAMIKA FRANKLIN**                                                                                              **PLAINTIFF**

V.                                                                     CIVIL ACTION NO. 5:23-CV-85-KS-BWR

**NATCHEZ AUTO VENTURES II, LLC,**
**and CREDIT ACCEPTANCE**                                                                               **DEFENDANTS**
**CORPORATION**

### ORDER

This matter is before the Court on the Motion for Confirmation of Arbitration Award and for entry of Final Judgment [22] filed by Defendant Natchez Auto Ventures II, LLC ("Natchez Auto"). Plaintiff Tamika Franklin has filed a Response [23] in opposition to the Motion for Confirmation, and Natchez Auto has filed a Reply [24]. For the reasons explained below, the Court grants the Motion for Confirmation [22].

I.   BACKGROUND

The Court previously recounted the facts of this case in its November 2023 Order [19] denying Plaintiff's Motion to Remand [7] and its December 2023 Order [21] granting Defendant Credit Acceptance Corporation's ("Credit Acceptance") Motion to Compel Arbitration [15]. In sum, the case arises from the sale of an automobile to Plaintiff Franklin and her subsequent claims of breach of warranty. In July 2023, Franklin commenced her action in state court against Defendants Natchez Auto and Credit Acceptance. [19] at 1. Among other causes of action, Plaintiff asserted a claim under the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, but did not specify the amount in controversy. *Id.* Defendant Credit Acceptance removed the action on September 14, 2023. *Id.* Both Natchez Auto and Credit Acceptance filed answers to the complaint, asserting, *inter alia*, that the action must be stayed or dismissed, and that Plaintiff should be compelled to arbitrate her claims. [2] at 1 (citing 9 U.S.C. §§ 3 & 4); [4] at 1 (same).

Plaintiff moved to remand. [7]. However, based on Plaintiff's subsequent email demanding $75,000 to settle the case, the Court concluded that "other paper" existed satisfying the $50,000 Magnuson Moss amount in controversy. [19] at 4. Accordingly, the Court denied Plaintiff's Motion to Remand. *Id.* Thereafter, the Court granted Credit Acceptance's unopposed Motion [15] to Compel Arbitration. *See* [21]. Consistent with Fifth Circuit and intra-District practice at the time, the Court entered an order dismissing the case without prejudice. *Id.* at 4 (citing *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)(encouraging dismissal of cases where "all of the issues raised in the action are arbitrable and must be submitted to arbitration," as simply staying the action "will serve no purpose."), *abrogated by Smith v. Spizzirri*, 601 U.S. 472 (2024)(finding that actions sent to arbitration must be stayed if requested by a party, not dismissed)). No final judgment was entered.

The arbitration commenced with Franklin's demand for arbitration before the Judicial Arbitration and Mediation Service on January 12, 2024. [22] at 4. Prior to the evidentiary hearing, Plaintiff settled her claims with Defendant Credit Acceptance and a later-added arbitration respondent, Wynn's Extended Care, Inc.[1] *Id.* However, the evidentiary hearing proceeded against Natchez Auto, resulting in a denial of all of Franklin's claims against the company. *Id.* at 5. On January 30, 2025, the Arbitrator awarded Natchez Auto the amount of $13,476.00 in costs and attorney fees against Franklin. *Id.* at 8. This Motion for Confirmation [22] followed.

II.   DISCUSSION

With its present Motion [22], Natchez Auto has returned to this Court for confirmation of the Arbitrator's decision pursuant to the procedure set out in 9 U.S.C. § 9 of the Federal Arbitration Act ("FAA").[2] Rather than filing a new, separate action in this or any other court for confirmation

---

[1] The Arbitrator noted that "Credit Acceptance Corporation settled with Claimant by forgiving her entire debt and that in connection with her settlement with Wynn's Extended Care, Inc., she received $6,500.00." [22] at 5.
[2] Section 9 states, in relevant part:
   If the parties in their agreement have agreed that a judgment of the court shall be entered upon the

of the decision, Natchez Auto filed its Motion [22] in the same civil action and before the same Court that had ordered arbitration. Citing the prior proceedings before this Court and its continuing jurisdiction to enforce arbitral awards, Natchez Auto has moved for entry of final judgment against Plaintiff in the amount awarded to it by the Arbitrator, $13,476.00. *See* [22], [24].

Plaintiff does not respond substantively to the Motion [22]. Instead, Franklin argues that because she is a Mississippi resident and Natchez Auto is a Mississippi corporation, there is no diversity of citizenship, thus the Court is without subject matter jurisdiction to consider the Motion [22]. Franklin argues that Defendant has not demonstrated an independent basis for federal jurisdiction beyond the FAA based on *Badgerow v. Walters*, 596 U.S. 1, 4 (2022). In *Badgerow*, the Supreme Court concluded that to establish jurisdiction over an application to confirm or vacate an arbitral award, district courts may not "look through" the application to the underlying arbitration proceeding to confirm or vacate an arbitration award brought under sections 9 or 10 of the FAA. *Id.* Instead, a federal court must have an "'independent jurisdictional basis' to resolve the matter." *Id.*

In the Court's view, however, Plaintiff reads *Badgerow* too narrowly. As an initial matter, the parties in this case stand on considerably different procedural footing than the parties in *Badgerow*, a case that arose from the Eastern District of Louisiana. In *Badgerow*, the plaintiff initially sought arbitration of her employment dispute claims that sounded in both state and federal law. *Badgerow*, 596 U.S. at 5. Displeased with the result of the arbitration, she sued her in-state employer defendants in state court to vacate the arbitral decision. *Id.* The employer defendants

---

award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9 (1947).

removed the case to federal court and, once there, moved to confirm the arbitral award under section 9 of the FAA. *Id.* Plaintiff moved to remand the case to state court, arguing that the federal court was without jurisdiction to consider either her motion to vacate the arbitral award under section 10 of the FAA or the employer defendants' motion to confirm the award under section 9 of the FAA. *Id.* at 5-6.

The Eastern District of Louisiana denied Badgerow's motion to remand. Explaining its reasoning, the district court pointed to the "look through" approach to section 4[3] of the FAA, adopted by the Supreme Court in *Vaden v. Discover Bank*, 556 U.S. 49 (2009), to conclude that it had jurisdiction to consider the motions to confirm or vacate the arbitral award. *Badgerow*, 596 U.S. at 6. The "look through" approach of section 4, which governs motions to compel arbitration, "allows a federal court to exercise jurisdiction over an FAA application when the parties' underlying substantive dispute would have fallen within the court's jurisdiction." *Id.* On appeal, the Fifth Circuit affirmed, finding that while the language of section 4 directing a court to "look through" to the underlying complaint to find jurisdiction is absent from the FAA's other sections, a "principle of uniformity" applying to the FAA "dictates using the same approach for determining jurisdiction under each section of the statute." *Badgerow v. Walters*, 975 F.3d 469, 472-474 (5th Cir. 2020). As stated *supra*, however, the Supreme Court sided with Badgerow and concluded that, based on the specific language of sections 9 and 10 of the FAA, "a court may look only to the application actually submitted to it in assessing its jurisdiction." *Badgerow*, 596 U.S. at 5.

In contrast, the parties' prior proceedings in this Court created a "jurisdictional anchor"

---

[3] The relevant portion of section 4 states:
> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4 (1954).

4

such that the Court has jurisdiction to consider the present motion to confirm. Since *Badgerow*, circuit courts have split on whether a case that is brought in federal court and sent to arbitration, thus creating a "jurisdictional anchor," may then return to federal court for subsequent proceedings under Sections 8, 9, or 10 when, upon its return, the criteria for subject matter or diversity jurisdiction is not met on the face of the filings. *See Jules v. Andre Balazs Props.*, No. 23-1253, 2025 WL 1201914, at *2 (2d Cir. Apr. 25, 2025)(finding *Badgerow* inapplicable because it "involved an action commenced (in state court and then removed to federal court) for the sole purpose of vacating an arbitral award, unlike the present action, which started as a federal question suit before it was stayed pending arbitration."); *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 238 n.16 (3d Cir. 2024)(citing *Kinsella* and noting that "if a district court has an independent jurisdictional basis, such as 28 U.S.C. § 1331, to hear a suit, that court's jurisdiction 'continues over' both a motion to compel and a subsequent motion to vacate."); *Kinsella v. Baker Hughes Oilfield Operations, LLC*, 66 F.4th 1099 (7th Cir. 2023)(noting that the FAA itself does not create federal jurisdiction; finding that because the action arose under federal law and was filed in federal court, federal jurisdiction continued over the subsequently filed motion to vacate the arbitration decision, despite the fact that the case had been stayed and eventually dismissed without prejudice with leave to reinstate); *see also Teleport Mobility, Inc. v. Sywula*, No. 21-cv-00874-SI, 2025 WL 860498 (N.D. Cal. Mar. 18, 2025)(finding that a "jurisdictional anchor" was created when "plaintiffs filed a complaint based on federal law and the Court exercised federal question jurisdiction over the dispute up through defendant's motion to compel arbitration.") (collecting cases); *but see SmartSky Networks, LLC v. DAG Wireless, LTD.*, 93 F.4th 175 (4th Cir. 2024)(declining to follow *Kinsella* and the district court opinion in *Jules*).

In this case, Plaintiff initially brought state and federal claims in state court against Defendants. Defendants removed the action. When denying Plaintiff's Motion to Remand, this

Court found that it had subject matter jurisdiction based on Plaintiff's federal claims. *See* [19]. Thereafter, the Court granted Defendant Credit Acceptance's *unopposed* Motion to Compel Arbitration and dismissed the case without prejudice so that the parties could proceed to arbitration. *See* [21]. In other words, the proceedings in this Court created a "jurisdictional anchor" providing Defendants a path back to this Court to approve or disapprove the arbitral award.

The Fifth Circuit dutifully follows *Badgerow* when evaluating applications to confirm, modify, or vacate arbitral awards that are initially filed in district court. *See Ascension Data & Analytics, L.L.C. v. Pairprep, Inc.*, 105 F.4th 749 (5th Cir. 2024). However, in a decision issued within months of *Badgerow*, the Fifth Circuit found that because the district court had subject-matter jurisdiction over a case, which it administratively closed during arbitration, it had jurisdiction to review the resulting arbitration award. *Rodgers v. United Servs. Auto. Ass'n*, No. 21-50606, 2022 WL 2610234, at *2 (5th Cir. July 8, 2022)(*Badgerow* not considered). Moreover, in just the past few weeks, the Fifth Circuit has specifically declined to address the "jurisdictional anchor" theory of continuing jurisdiction. *See Wheatfall v. HEB Grocery Co., L.P.*, No. 24-20257, 2025 WL 1703637, at *2 n.1 (5th Cir. June 18, 2025)(noting that "[b]ecause Wheatfall filed a new action in state court rather than reinstating the original action in federal court, we decline to address the 'jurisdictional anchor' theory of continuing jurisdiction."). And extensive research on this question has revealed no other district court decisions addressing this particular issue within the Fifth Circuit.

Without precise direction from the Fifth Circuit, the Court finds that this result comports with Supreme Court precedent, both before and after *Badgerow*. *Badgerow* left intact the Supreme Court's long-standing statutory interpretation that a "court with the power to stay the action under § 3 [of the FAA] has the further power to confirm any ensuing arbitration award." *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 202 (2000)(citing *Marine Transit Corp. v.*

6

*Dreyfus*, 284 U.S. 263, 275-276 (1932)). As the *Marine Transit* court stated, "[w]e do not conceive it to be open to question that, where the court has authority under the statute . . . to make an order for arbitration, the court also has authority to confirm the award or to set it aside for irregularity, fraud, *ultra vires* or other defect." *Marine Transit*, 284 U.S. at 275-276.

Moreover, since *Badgerow*, the Supreme Court has issued *Spizzirri*, which specifically instructs district courts to stay cases sent to arbitration, rather than to dismiss them, when a party requests a stay. 601 U.S. at 472 (citing 9 U.S.C. § 3[4]). As *Spizzirri* found, "staying rather than dismissing a suit comports with the supervisory role that the FAA envisions for the courts," and "facilitate[es] recovery on an arbitral award, *see* § 9." *Id.* at 478. Furthermore, "[k]eeping the suit on the court's docket makes good sense in light of this potential ongoing role, and it avoids costs and complications that might arise if a party were required to bring a new suit and pay a new filing fee to invoke the FAA's procedural protections." *Id.*

Likewise, the Court finds that this result makes "good sense" in light of its ongoing "supervisory role" in cases that it has sent to arbitration. This outcome also accords with the procedure set out in *Spizzirri,* which specifically abrogated *Alford*. That is, *Spizzirri* found that when a party requests a stay pending arbitration, section 3 of the FAA "compels the court to stay the proceeding." *Spizzirri*, 601 U.S. at 475 n.1, 478-479. What is more, the Fifth Circuit has recently reversed a district court that dismissed with prejudice, based on *Alford*, a case it had sent to arbitration. *See Yanez v. Dish Network, L.L.C.*, Appeal No. 24-50580, 2025 WL 1671611 (5th Cir. June 13, 2025)(acknowledging abrogation of *Alford* by *Spizzirri* while case was on appeal;

---

[4] Section 3 states:
> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (1947).

affirming judgment compelling arbitration; reversing court's dismissal of the case with prejudice). Although *Yanez* involved a dismissal with prejudice, whereas this Court previously dismissed the present case without prejudice, the result is the same: the case was dismissed rather than stayed. Natchez Auto requested a stay (or dismissal) in its Answer, but the Court, consistent the Fifth Circuit's former procedure under *Alford*, dismissed the case without prejudice.

III.   CONCLUSION

For these reasons, the Court finds that it has jurisdiction to address the pending Motion for Confirmation and for entry of Final Judgment [22] filed by Defendant Natchez Auto. Plaintiff has failed to point out any substantive reasons to deny the motion. Accordingly, Defendant Natchez Auto's Motion [22] is hereby granted. A separate, final judgment will be entered.

SO ORDERED and ADJUDGED, this 21st day of July, 2025.

*/s/ Keith Starrett*
KEITH STARRETT
UNITED STATES DISTRICT JUDGE